UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CHARLES LEE MILLER,

                           Plaintiff,

               -against-                                    20-CV-3008 (CM)

ROODNA; ALLGOBANON, POLICE OFFICER; JASMINE,                          TRANSFER ORDER

                           Defendants.

COLLEEN McMAHON, Chief United States District Judge:

      Plaintiff, a Colorado resident, brings this *pro se* action under 42 U.S.C. § 1983, alleging that Defendants violated his rights in Colorado. For the following reasons, this action is transferred to the United States District Court for the District of Colorado.

      Under 28 U.S.C. § 1391(b), a civil action may be brought in "(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." Under § 1391(c), a "natural person" resides in the district where the person is domiciled, and an "entity with the capacity to sue and be sued" resides in any judicial district where it is subject to personal jurisdiction with respect to the civil action in question. *See* § 1391(c)(1), (2).

      Plaintiff alleges that on March 14, 2020, a police officer illegally searched him at the University of Colorado Hospital in Aurora, Colorado. Plaintiff brings suit against the police officer and nursing staff employed at that hospital in Colorado. Because Plaintiff alleges that the

events giving rise to his claim arose in this district, and provides addresses for all defendants outside this district, venue is not proper in this Court under § 1391(b).

Plaintiff's claims arose in Adams County, Colorado, which is in the judicial district for the United States District Court for the District of Colorado. *See* 28 U.S.C. § 85. Accordingly, venue lies in the United States District Court for the District of Colorado, 28 U.S.C. § 1391(b)(2), and this action is transferred to the United States District Court for the District of Colorado, 28 U.S.C. § 1406(a).

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket. The Clerk of Court is further directed to transfer this action to the United States District Court for the District of Colorado. Whether Plaintiff should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court. A summons shall not issue from this Court. This order closes the case in this Court.

The Court certifies, pursuant to 28 U.S.C § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   April 14, 2020
         New York, New York

                                              _____
                                                      COLLEEN McMAHON
                                                 Chief United States District Judge